BEARINGS IMPORTERS GROUP OF THE AEROSPACE INDUSTRIES ASSOCIATION OF AMERICA, INC., AND GE AIRCRAFT ENGINES, A DIVISION OF GENERAL ELECTRIC CO., PLAINTIFFS *v.* UNITED STATES AND U.S. INTERNATIONAL TRADE COMMISSION, DEFENDANTS

Court Nos. 89–06–00360, 89–06–00361, 89–06–00362, 89–06–00363, 89–06–00364

OPINION AND ORDER

(Dated August 30, 1989)

*McKenna, Conner & Cuneo, (Peter Buck Feller* and *Lawrence J. Bogard),* for plaintiffs.

*Stuart E. Schiffer,* Acting Assistant Attorney General, *David M. Cohen,* Director Commercial Litigation Branch, Civil Division, United States Department of Justice, for defendants.

RE, *Chief Judge:* In these five actions, plaintiffs, Bearings Importers Group, seek to contest certain aspects of the final affirmative determinations of material injury made by the United States International Trade Commission in the antidumping investigation of *Antifriction Bearings (other than Tapered Roller Bearings) and Parts Thereof* from the United Kingdom, Italy, the Federal Republic of Germany, France and Japan.

Plaintiffs sought to commence the five actions pursuant to 28 U.S.C. § 1581(c) (1982) and section 516A(a)(2)(A) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(A) (Supp. V 1987). Section 516A(a)(2)(A) imposes two requirements for commencing an action under 28 U.S.C. § 1581(c). To commend an action under section

1581(c), a party must: (1) file a summons within 30 days after the date of publication in the Federal Register of the order, which is based upon the contested administrative determination, and (2) file a complaint within 30 days after the filing of the summons. 19 U.S.C. § 1516a(a)(2)(A).

The Court of Appeals for the Federal Circuit, in *Georgetown Steel Corp.* v. *United States,* 801 F.2d 1308, 1311 (Fed. Cir. 1986), has held that the statute requires both steps, and imposes precise time limits within which each step must be taken. In the language of the Court of Appeals, the statute "requires that the complaint be filed within 30 days after the summons is filed." *Georgetown Steel* at 1313.

The antidumping orders that resulted from the determinations contested in these actions were published in the Federal Register on May 15, 1989. *See* 54 Fed. Reg. 20,900–904 and 20,910 (1989). On June 14, 1989, plaintiffs timely filed five summonses seeking to commence each of the five actions, thereby satisfying the first condition of section 516A(a)(2)(A). Plaintiffs, however, did not file complaints in any of the five actions. Clearly, therefore, plaintiffs did not comply with the second requirement of the statute that a complaint be filed within 30 days after the filling of the summons. In fact, in response to correspondence from the Office of the Clerk, counsel for plaintiffs indicated that complaints were not filed since they did not intend to pursue these actions.

Since plaintiffs have not filed a complaint in any of the five actions, they have not satisfied the second requirement of section 516A(a)(2)(A), namely the filing of complaints within 30 days after the filing of the summonses. Hence, they have failed properly to invoke the jurisdiction of the court. Accordingly, the court, *sua sponte,* pursuant to USCIT R. 12(h)(3), hereby dismisses these actions for lack of jurisdiction.